# IN THE COURT OF APPEALS OF IOWA

No. 19-0137
Filed March 4, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**TREVION DUPRI SMITH-TOLES,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Jeffrey L. Larson, Judge.

Trevion Smith-Toles appeals the sentence imposed upon his conviction of first-degree robbery. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**MULLINS, Judge.**

Trevion Smith-Toles was sixteen years of age when he and three other individuals engaged in conduct resulting in Smith-Toles being charged with first-degree robbery. Following Smith-Toles's guilty plea, the matter proceeded to sentencing and consideration of juvenile sentencing factors. *See, e.g.*, *Miller v. Alabama*, 567 U.S. 460, 477–78 (2012); *State v. Lyle*, 854 N.W.2d 378, 404 n.10 (Iowa 2014).

At the hearing, the court received conflicting recommendations from both witnesses and counsel as to whether Smith-Toles should be incarcerated or released to engage in community-based rehabilitation services. It also received an abundance of evidence specific to Smith-Toles concerning the mitigating features of his youth, his home and family environment, the circumstances of the crime and how youth may have played a role in its commission, the challenges he would face in going through the criminal process, and his prospects for rehabilitation. Smith-Toles's statement of allocution and his counsel's arguments also included mitigating information.

In imposing sentence, the court was torn, noting "prison is not a great option for you because of your young age and all of the mitigating circumstances that the attorneys talked about." The court proceeded to Smith-Toles's poor track record and the need for protection of the community, both of which the court indicated weighed against placing Smith-Toles on probation. The court noted residential correctional facilities would not be a workable option for rehabilitation given the level of supervision Smith-Toles required, which the facilities could not provide. Ultimately, the court sentenced Smith-Toles to a term of imprisonment not to

exceed twenty-five years. As to its option of imposing a mandatory minimum of seventy percent of the sentence prior to parole or work release eligibility,[1] the court declined to impose the minimum given Smith-Toles's young age.

Smith-Toles appeals, arguing the court improperly considered characteristics of youth as aggravating, rather than mitigating, factors in imposing sentence.[2] Specifically, he maintains the factors cited by the court in its decision to send him to prison "were immaturity, impetuosity, and failure to appreciate risks and consequences," which "cannot be used to justify a harsher sentence."

We agree that considering the features of youth as aggravating circumstances in sentencing would amount to an abuse of discretion. *See, e.g.*, *Lyle*, 854 N.W.2d at 402 n.8; *State v. Pearson*, 836 N.W.2d 88, 97 (Iowa 2013). Here, however, to put it simply, we agree with the State that the court considered the features of Smith-Toles's youth as mitigating circumstances. The reasons for the court's decision to send Smith-Toles to prison were protection of the community, his need for rehabilitation, and his poor prospects for rehabilitation without going to prison. While Smith-Toles attempts to put words in the district

---

[1] Iowa Code section 902.12(1)(e) (2018) requires denial of parole or work release for individuals convicted of first-degree robbery until they have served seventy percent of their maximum prison sentence. While the court can impose a minimum term, the mandatory nature is unconstitutional as to juvenile offenders. *See Lyle*, 854 N.W.2d at 404.

[2] As the State points out, recent legislation, effective July 1, 2019, limits our ability to consider appeals of convictions when a defendant has pled guilty. *See* 2019 Iowa Acts ch. 140, § 28(a)(3) (codified at Iowa Code § 814.6(1)(a)(3) (2019)). However, the State filed its brief before our supreme court decided whether the legislation is retroactive. The court recently ruled the new legislation does "not apply to a direct appeal from a judgment and sentence entered before July 1, 2019." *State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019).

court's mouth, we conclude the court considered the features of his youth as mitigating, not aggravating, and we find no abuse of discretion.

Finding no abuse of discretion, we affirm the sentence imposed upon Smith-Toles's conviction of first-degree robbery.

**AFFIRMED.**